The Chief Justice
delivered the opinion.
This was an action of ejectment. Two demises are laid in the declaration, one in the name of Coghiil’s heirs and the other in the name of Edward fiord.
The declaration and notice were served upon the tenants in possession, the 12lb of August, 1817.
On a casu agreed by the parties», (he circuit court gave *615 judgment For the plaintiff, from which the defendants have appealed to this court.
The extent of possession is to be ascertained by the intention with which the entry was made.
The act. of limitations of 180K, applies ordy to cases where an actual settlement was
From the ease agreed, it appears that the defendants, deriving title by deed under a junior patent interfering with the elder grant of the plaintiff’s, entered upon the interference in 1735, and have held the possession thereof «ver since until this day, except so far as they are proved to have been divested, by the deposition of Thomas Hord ; and from the deposition of Thomas Hord, which is made a part of the agreed case, it appears that Edwin Hord, the agent of Coghill’s heirs, settled under their elder patent, outside of the interference, prior to 1804, and in the spring of that year extended his clearing within the interference, and that the land so cleared, within the interference, has been held by him, and those claiming under him, ever since.
These are the only material facts, of the agreed case, from which it is obvious that the defendants must rely either upon the genera! statute of limitations, which tolls the right of entry, if not made within twenty years after the right shall have accrued, or on the statute of 1808, limiting the time of bringing actions to recover the possession of land from actual settlers.
But it is evident that the agreed case is too defective to enable the court to decide whether those statutes, or either of them, can operate as a bar to the action. For to enable the court to say whether the general statute of limitations will toll the plaintiff’s right of entry or not, it was necessary that the intention, with which the entry under their patent by clearing within the interference was done, should have been stated. If that entry was made with an intention to take possession of the whole interference, it would clearly prevent the statute from tolling their right of entry to the whole of the interference, but if it were made with an intention to take the possession of a part only of the interference, then it could prevent the statute from tolling their entry to that extent only, for in no case can the possession, acquired by an entry upon land, extend beyond the intention of the parties making it.
So, on the other hand, to enable the court to say that the statute of 1S08 would operate as a bar to the action, it was necessary that the agreed case should have stated that the possession of the defendants was accompanied by actual settlement, for that statute only operates as a bar to an atKioa brought to recover the possession of land on *616 which another has been actually settled for the time prescribed-by'tbe statute. But the agreed case does not state that there was such an actual settlement and the posses* sion of the defendants may have been acquired and continued by clearing and enclosing, or by other mode of entry upon the land, without an actual settlement, it is true that the facts agreed, together with the deposition of Thomas Hord, may be evidence from which a jury might, and perhaps ought to infer the existence of those other facts which we deem necessary to enable the court to decide the law of the case, but an agreed cate, like a special verdict, should state facts, not the evidence of facts, and if it do not do so it is insufficient.
Bibb for appellant.
The judgment must, therefore, be reversed with costs and the cause be remanded, that new proceedings may be had not inconsistent with the foregoing opinion.